George BEELER, Appellant,

v.

ALASKA AGGREGATE CORPORATION, a corporation, Appellee,

Foss Launch and Tug Company, a corporation, Respondent.

No. 19188.

United States Court of Appeals Ninth Circuit.

Aug. 24, 1964.

Rehearing Denied Sept. 28, 1964.

Philip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for appellant.

Floyd A. Fredrickson, Gray, Fredrickson & Heath, Portland, Or., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge:

George Beeler, a longshoreman, injured while working on Foss Barge 204, filed a libel in personam for personal injuries against Foss Launch and Tug Company and Alaska Aggregate Corporation, alleging that the barge had been unseaworthy. The tug company is the owner of Foss Barge 204, and Alaska Aggregate Corporation was the bareboat charterer of that barge. After trial, the district court entered a decree dismissing the libel. Beeler appeals from that part of the decree which dismissed the libel against Alaska Aggregate Corporation.[1]

The district court found that Beeler was injured on August 27, 1961, while he was engaged in loading the barge on navigable waters of the United States at Portland, Oregon. Just prior to the accident Beeler, and other longshoremen employed by Portland Stevedoring Company, were unloading trailer houses on top of half houses previously loaded on the deck of the barge. When it became necessary for Beeler and his fellow longshoremen to descend to the deck, the walking boss, an employee of the stevedoring company, moved an ordinary straight wooden ladder into position. He then stood on deck in front of the ladder ready to grab it in the event the ladder slipped or moved while it was in use.

When Brown, one of Beeler's fellow longshoremen, reached the third or fourth rung from the bottom of the ladder, Beeler mounted the ladder and started to descend. As Brown reached the deck, the walking boss, believing that Brown would stand by or would hold the ladder, walked away. Brown, having received no instruction of this kind, failed to hold or guard the bottom of the ladder. The ladder slipped and Beeler fell to the deck sustaining serious injuries for which he now seeks recovery.

The court further found that where a ladder is to be used for a short period of time, it is the custom and practice for longshoremen to have one of their group hold the ladder rather than to lash it to the deck or to another portion of the ship or cargo. The ladder itself was not defective. Further, it was found that had the ladder been held properly, it would have been safe. The proximate cause of the injury, the court found, was the negligent acts of Beeler's fellow workers in the use of a seaworthy appliance. It was the court's opinion that this " * * * was not a case in which the negligent acts which created the unsafe condition terminated; here the negligent acts of libelant's two fellow employees, the walking boss and Brown, caused the unsafe condition. * * *" simultaneously with the accident and injury.

These findings and expressions by the trial court indicate that it fully understood the legal principles to be applied; the only question is whether those principles were properly applied under the facts as found by the court.

Liability on the ground of unseaworthiness does not attach if the injury was sustained by the negligent use of a seaworthy appliance at the very moment of injury. It does attach if the negligent act has terminated and

1. It was stipulated that Foss Launch and Tug Company had no responsibility to the libellant and that the case was to proceed against Alaska Aggregate Corporation alone.

an appliance has been left in an unsafe condition.[2]

The ladder did not fall because of the negligent way in which the walking boss or Brown, who preceded Beeler down the ladder, held or guarded the ladder at the moment of the accident. Neither of them were holding or guarding the ladder at that moment nor were they then in any other way using that equipment. Their negligence consisted in failing to act prior to the accident by stepping forward to hold or watch the ladder. Instead, they walked away. Their negligence had come to rest before the ladder fell and was thus an antecedent condition causing the ladder to become unseaworthy.

Reversed and remanded to determine damages.

---

2. Billeci v. United States, 9 Cir., 298 F.2d 703, 706. See, also, Rawson v.

Calmar S.S. Corp., 9 Cir., 304 F.2d 202, 205.