**Hugh A. ROBICHAUX, Appellant,**

v.

**KERR McGEE OIL INDUSTRIES, INC., Appellee.**

No. 23273.

United States Court of Appeals
Fifth Circuit.

April 13, 1967.

Rehearing Denied June 12, 1967.

Roland J. Sternfels, George J. Garzotto, Sternfels, Garzotto & Slavich, New Orleans, La., for appellant.

Robert E. Leake, Jr., Hammett, Leake & Hammett, New Orleans, La., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

SPEARS, District Judge:

This suit was brought by appellant against the appellee for injuries received while he was working on a drilling barge stationed in the Gulf of Mexico off the Louisiana coast. Sladco, Inc., which was not a party to this suit, had been employed by appellee to remove approximately 2500 feet of casing from an oil well. Each section of casing was 47 feet long. All persons engaged in the removal operation, including appellant, were employees of Sladco, except the driller, who was employed by appellee. Appellant was working as a stabber on the stabbing platform, located 45 feet above the drilling deck.

In order to remove casing from this oil well, elevators were attached to one end of the casing, and a section of the casing was raised until the next section was visible. Then the spider was set which kept the casing from slipping back into the well. The stabber then removed the elevators, and waved to the driller, who raised the elevators out of the way, and a three-man crew fastened break-out tongs to the casing. The driller then applied the break-out cat head, which was used to unscrew a joint of casing. The loosened joint was then stacked, and the elevators were lowered so that the next joint could be pulled out of the well, and the process repeated. Appellant was injured when the top of a joint, from which he had removed the elevators, whipped toward him and hit him in the head. Fortunately, he was wearing a protective helmet, and his head was not seriously hurt, but the blow resulted in an injury to his knee.

The case was tried to the court without a jury. After hearing all of the evidence, the court filed findings of fact and conclusions of law, in which he concluded that appellant had failed to establish by a preponderance of evidence that the appellee, or anyone for whose conduct it was responsible, was negligent in any manner proximately causing the injuries.

Among other things, appellant alleged that his injuries were caused "by the unseaworthiness of the said vessel, Drill Barge Rig. # 46, * * *".

Although the district court, at the conclusion of the trial, quotes appellant's counsel as stating in Chambers that "the element of unseaworthiness * * * really does not enter into this picture, although it is covered by the pleadings", counsel insists in his brief that he neither abandoned that claim, nor intended to give the court that impression, but "merely informed the court that it was impossible to delineate what evidence would be offered to prove unseaworthiness, and that it would be necessary to await the reception of testimony before any such breach of duty could be specified with particularity". The argument is then made that "the vessel was unseaworthy, either in not being provided with reasonably safe equipment and appliances for the purpose of breaking out joints of casings, or in having an improperly installed spider in the rotary table, and that this unseaworthy condition caused the joint of casing to whip, striking appellant and causing his injury".

The district court observed that the spider slipped, "because the string of casing below it was no longer of sufficient

weight to hold it in place in the rotary table, or * * * it was improperly installed in the rotary table in the first place", and concluded that both such functions were performed by the members of the casing crew to which the complainant belonged.

In the formal findings of fact and conclusions of law, the district court found that the spider which held the casing in place at the rotary table was pulled out of position and slipped, causing some "whipping" or lateral movement of the casing; that the placement and management of the spider was the responsibility of Sladco; that none of appellee's equipment was defective; that the drilling barge was not shown to have been unseaworthy; and that appellant had failed to prove that appellee, or anyone for whose conduct it is responsible, was negligent in any manner proximately causing appellant's injuries; whereupon, the action was dismissed.

■ After a full review of the record we are not left with the definite and firm conviction that a mistake has been committed in relation to the findings and conclusions of the district court concerning the issue of appellee's negligence, McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, modification den. 348 U.S. 957, 75 S.Ct. 447, 99 L.Ed. 748 (1954), but we are convinced that the pleadings and relevant evidence before the court raise the issue of unseaworthiness, irrespective of any possible misunderstanding between the court and counsel. Rule 1, F.R.Civ.P.; Commissioners v. Chase Manhattan Bank, 259 F. 2d 231, 239 (5th Cir. 1958); and Glavic v. Beechie, 340 F.2d 91 (5th Cir. 1964), concurring opinion by Judge Wisdom at pages 92 and 93.

■■ It is well settled that a shipowner owes a nondelegable duty to furnish a seaworthy vessel, and this duty extends to intermediary employers who are performing a portion of the ship's work. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) reh. den. 328 U.S. 878, 66 S.Ct. 1116, 90 L.Ed. 1646. In addition, if there is an improper use of seaworthy equipment by the intermediary employees, resulting in injury to a worker, his claim might come squarely within the doctrine of *Sieracki*, supra, depending, of course, upon whether the injury came at the very moment of the negligent use, or after the negligence of the fellow worker had come to rest and the equipment had been left in an unsafe condition. See Antoine v. Lake Charles Stevedores, 376 F. 2d 443 (5th Cir. 1967), decided this day.

■■ In view of the district court's observations with respect to the possible reasons for the spider slipping and causing the joint of casing to whip, resulting in the injury to appellant, it is clear that an unseaworthy condition could have been created by the negligent use of the equipment by a member of the casing crew to which appellant belonged. As a consequence, the district court should make further findings, in the light of this opinion, as to whether or not an unseaworthy condition actually existed. In the event the conclusion is reached that appellant's co-workers were negligent in the use of seaworthy equipment, and that appellant was injured *after* the negligence took place, rather than at the time of the negligent act, the vessel would, under the law, be considered unseaworthy, Beeler v. Alaska Aggregate Corp., 336 F.2d 108 (9th Cir. 1964) and Blassingill v. Waterman Steamship Corporation, 336 F.2d 367 (9th Cir. 1964); otherwise not. Antoine v. Lake Charles Stevedores, supra.

This cause is reversed and remanded to the district court for further proceedings not inconsistent herewith.