Aaron ALEXANDER, Plaintiff-Appellee,

v.

BETHLEHEM STEEL CORPORATION, Defendant and Third-Party Plaintiff-Appellant,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Third-Party Defendant-Appellant.

No. 110, Docket 30486.

United States Court of Appeals Second Circuit.

Argued Oct. 28, 1966.

Decided Aug. 1, 1967.

Fenton F. Harrison, Buffalo, N. Y., (Heffernan, Harrison, Sweet & Gruber, Buffalo, N. Y., on the brief), for appellee-appellant, Bethlehem Steel Corp.

J. Edmund De Castro, Buffalo, N. Y. (Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y., on the brief), for third-party defendant-appellant.

Ralph Saft, Buffalo, N. Y., for plaintiff-appellee.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

This case raises the same issue presented in Candiano v. Moore-McCormack Lines, Inc., 2 Cir., 382 F.2d 961, also decided today, to wit: Can a ship be rendered unseaworthy solely

on account of the negligence of a longshoreman during a loading operation? A long line of cases in this Circuit starting with Grillea v. United States, 232 F.2d 919 (2 Cir. 1956), had held that operational negligence alone does not create unseaworthiness, but in *Candiano*, we recognized that the Supreme Court rejected the distinction between operational negligence and unseaworthiness in Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (U.S. May 22, 1967), and thus an affirmative answer must be given to the question posed above.

Plaintiff, Aaron Alexander, a longshoreman, sued Bethlehem Steel Corporation (Bethlehem), alleging that, while working aboard the S. S. ELBA owned by Bethlehem, he had suffered injuries as a result of (1) negligence by an employee of Bethlehem in the operation of the crane, and (2) the unseaworthiness of the vessel. Bethlehem in its answer denied negligence and unseaworthiness, claimed contributory negligence and that plaintiff's sole remedy was under compensation law. Bethlehem also filed a third-party complaint against plaintiff's employer, International Terminal Operating Co., Inc. (ITO), alleging breach of warranty of workmanlike stevedoring services and, hence, that ITO was liable to Bethlehem for any judgment in plaintiff's favor. ITO by answer, in addition to a denial, alleged that Bethlehem's conduct precluded recovery against ITO. Upon this alignment, the case was submitted to the jury.

In answers to written interrogatories, the jury found (1) that Bethlehem had not been negligent, (2) that the vessel had been unseaworthy which unseaworthiness contributed in whole or in part to plaintiff's injuries, (3) that plaintiff had not been contributorily negligent, (4) that Bethlehem was therefore liable in the amount of $26,500 for plaintiff's injuries, but (5) that Bethlehem was entitled to recover over against ITO.

Only a sketchy outline of the facts is necessary as a background for the legal issues. On the early morning of August 16, 1964, two gangs of ITO longshoremen were unloading steel beams into the No. 3 hold of the ELBA. Dunnage was placed between each layer of beams. Plaintiff was engaged in the operation. In order to enable a lift of steel to be placed in a narrow gap or hole, removal of any overhanging dunnage was required. Plaintiff and a coworker undertook to move dunnage so that it would not protrude. The steel was lowered but the crane operator allowed the lift to fall during the last three or four feet. The beams struck pieces of protruding dunnage, causing them to fly through the air, striking and injuring plaintiff.

Plaintiff's claims of negligence were premised upon the alleged incompetence of, and faulty operation of the lowering mechanism by, the crane operator. His claims of unseaworthiness were based upon unsafe stowage, namely, improper placing of dunnage and incompetence of the crane operator.

■■ The principal issue on appeal concerns the jury's finding that the vessel was unseaworthy. Bethlehem urges that in light of this Circuit's operational negligence cases, there was insufficient evidence on which to base a finding of unseaworthiness, whereas ITO argues that, at any rate, the charge to the jury on the issue was inadequate. The trial judge properly charged that, to support a finding of unseaworthiness, "It is sufficient if a given condition temporarily renders the vessel, its equipment and appurtenances, unseaworthy," but did not give further instructions distinguishing between operational negligence and unseaworthiness as required by our holding in *Grillea*. Although neither counsel for Bethlehem nor ITO requested a charge in the specific language suggested by *Grillea*, requests were made and denied by the court to the effect that Bethlehem would not be liable if the accident

were caused solely by the manner in which plaintiff and his co-workers were carrying out their work or by the misplacing of the dunnage by the longshoremen in the course of their loading operations. We believe these requests were sufficient to apprise the trial court of the nature of the alleged errors in the charge.

In the light of *Mascuilli,* the trial court's charge on unseaworthiness now appears to have been substantially correct. A charge distinguishing between operational negligence and unseaworthiness would appear to have been error.

ITO's further claim that the jury verdict was excessive is rejected.

Affirmed.

LUMBARD, Chief Judge (concurring):

I concur in affirming the judgment, but I do so on the ground that appellants' attorneys failed to make a sufficient objection to the court's charge on unseaworthiness. They requested an instruction, and objected to the court's refusal to charge, "that negligence alone would not render the vessel unseaworthy." This requested instruction, however, was an incorrect statement of the standard of Grillea v. United States, 232 F.2d 919, 922 (2 Cir. 1956), since under that standard a negligently created condition of sufficient duration can constitute unseaworthiness. When appellants' attorneys objected to the court's refusal to give this instruction, moreover, the court told them to attempt to work out an instruction in suitable language. This was not done. Under these circumstances, I do not believe that appellants have satisfied the requirements of Fed.R.Civ.P. 51 that a party objecting to an instruction state "distinctly the matter to which he objects and the grounds of his objection." The charge as a whole was not such fundamental error that we should consider this asserted error absent a sufficient objection. Cf. Pettus v. Grace Line, Inc., 305 F.2d 151 (2 Cir. 1962).