**SS LENA LUCKENBACH and Maritime Overseas Corporation, Appellants,**

v.

**WALSH STEVEDORING COMPANY,**
Inc., Appellee.

No. 24920.

United States Court of Appeals
Fifth Circuit.

May 20, 1968.

The Court found that the ship was seaworthy, and that the sole proximate cause of the injuries in question was the joint negligence of the libelant and a co-employee in the manner in which they were unloading the cargo. The other stevedore was also employed by the appellee. The opinion concluded with the statement:

"This view of the Court results in a dismissal of this claim of the libelant as being without merit and not supported by any requisite proof of legal liability of the respondents to the libelant. The alternative claim of the respondents against the impleaded respondent thus falls of its own weight as being inapplicable to the resulting facts and circumstances in this case. The libelant will be assessed with all costs of this suit."

Judgment was entered accordingly, and only the shipowner appealed. The question before us is whether the appellant was entitled to recover on its claim over for indemnity.

While the Court did not make a specific finding in so many words that the appellee breached its implied warranty under *Ryan* doctrine, the only legal interpretation that can be put on the findings of negligence and causation is that the libelant's injuries were caused by the fact that the appellee's contracted services were not being performed in a reasonably safe and workmanlike manner. There was, therefore, a breach of warranty which entitled the shipowner to recover the reasonable attorney's fees and expenses necessarily incurred by it in defending against libelant's claim. Ryan Stevedoring Co., Inc. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Lusich v. Bloomfield Steamship Company, 5 Cir., 355 F.2d 770 (1966). That right was not lost either by the fact that the shipowner defeated the claim for damages against it or by the fact that the libelant's own conduct contributed to the breach of warranty. The portion of the judgment on the claim

Jacob D. Guice, Biloxi, Miss., William E. Wright, Benjamin W. Yancey, New Orleans, La., for appellant; Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., Rushing & Guice, Biloxi, Miss., of counsel.

Knox White, White & White, Neil White, Jr., Gulfport, Miss., for appellee.

Before BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

This action originated with a libel in admiralty filed by a longshoreman against the owner of the SS LUCKENBACH for damages for personal injuries sustained aboard that vessel while unloading part of its cargo at Gulfport, Mississippi. The appellant, as the owner of the vessel, sought recovery over by way of indemnification against the appellee, Walsh Stevedoring Company, Inc., the stevedore for which libelant was working at the time he was injured.

over will be reversed and the case will be remanded for determination and allowance of such reasonable and necessary attorney's fees and expenses.

Reversed.