**Bernardo PENORO, Plaintiff-Appellant,**

v.

**REDERI A/B DISA and the VESSEL DISA, her motors, engines, boilers, gear and tackle, Defendant-Appellee.**

**REDERI A/B DISA, Defendant and Third-Party Plaintiff,**

v.

**CUNARD STEAMSHIP COMPANY, Ltd., Third-Party Defendant.**

**No. 344, Docket 31971.**

United States Court of Appeals Second Circuit.

Argued Dec. 15, 1969.

Decided Jan. 13, 1970.

Diego Camarda, Brooklyn, N. Y., for plaintiff-appellant.

William P. Kain, Jr., New York City (Haight, Gardner, Poor & Havens and Thomas F. Molanphy, New York City, on the brief), for defendant-appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Longshoreman Bernardo Penoro was injured while discharging cargo from the appellee's vessel M/V Disa on October 14, 1963, at Pier 51, North River, New York City. He and a co-worker were stationed on the stringpiece or pier apron, where their job was to remove wire cable slings from cargo lowered by winch from the ship onto a temporary wooden landing platform or skid extending from the pier. The skid was affixed to the side of the pier with three metal plates; and a "save-all" net was slung between the skid and the rail of the vessel to catch any cargo which might fall between the pier and the ship in the course of unloading.

As the empty cargo sling was raised from lowering a 2700–3300 pound wooden case onto the skid, the bight of the sling allegedly caught on a metal plate or flange which was bent upward from the surface of the skid and defectively attached to it so that the sling, being hoisted by the boom, lifted the skid abruptly about two feet. The result was that the case, still on the skid, toppled over and injured Penoro.

The District Court sitting in admiralty properly dismissed the appellant's claim that a defect in the skid extending from the pier rendered the vessel unseaworthy. A temporary skid stored on the pier, affixed to it as a pier extension, and linked to a ship only with a save-all net is not an appurtenance of the vessel which is included in the warranty of seaworthiness. Tarabocchia v. Zim Israel Navigation Co., Ltd., 417 F.2d 476 (2 Cir. 1969); Fredericks v. American Export Lines, Inc., 227 F.2d 450 (2 Cir. 1955), cert. denied 350 U.S. 989, 76 S.Ct.

475, 100 L.Ed. 855 (1956). See also Forkin v. Furness Withy & Co., 323 F.2d 638 (2 Cir. 1963).

There is no claim that there was operational negligence in the use of the ship's gear, resulting in unseaworthiness, and that issue is not before us. See Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (1967); Tarabocchia v. Zim Israel Navigation Co., Ltd., *supra*; Candiano v. Moore-McCormack Lines, Inc., 382 F.2d 961 (2 Cir.), reh. denied 386 F.2d 444 (1967), cert. denied 390 U.S. 1027, 88 S.Ct. 1416, 20 L.Ed. 2d 284 (1968); Alexander v. Bethlehem Steel Corp., 382 F.2d 963 (2 Cir. 1967).

Affirmed.