Robert Wayne PATTERSON, Appellant,

v.

HUMBLE OIL AND REFINING COMPANY and "Esso Jamestown", Appellees.

YAUN WELDING & MACHINE WORKS, INC., Appellant,

v.

MARYLAND CASUALTY COMPANY et al., Appellees.

No. 26365.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1970.

Rehearing Denied and Rehearing En Banc Denied April 10, 1970.

Samuel C. Gainsburgh,. Kierr & Gainsburgh, Kent A. Russell, New Orleans, La., Robert E. Tillery, Denham Springs, La., for Robert Wayne Patterson; Nesom, Mellon, Cavanaugh & Tillery, Denham Springs, La., of counsel.

G. T. Owen, Jr., Dale, Owen, Richardson, Taylor & Mathews, John S. White, Jr., Kennon, White & Odom, Baton Rouge, La., for Yaun Welding & Machine Works, Inc.

James L. Schupp, Jr., Benjamin W. Yancy, Terriberry, Rault, Carroll, Yancy & Farrell, New Orleans, La., for Humble Oil.

John S. White, Jr., Kennon, White & Odom, Baton Rouge, La., for Maryland Cas. Co.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, Senior District Judge.

CHOATE, Senior District Judge:

The appellant Patterson, a ship repairman employed by Yaun Welding & Machine Works, Inc., brought this action against the appellees Humble Oil and its ship, the "ESSO JAMESTOWN", alleging that he had sustained injuries caused by an unseaworthy condition on the vessel "JAMESTOWN" and by the negligence of Humble's employees. Humble denied liability and filed a third party complaint against Yaun seeking indemnity and recovery of costs, attorney's fees, and expenses incurred in defense of the litigation. Yaun impleaded its compensation carrier, Maryland Casualty Company. Maryland denied that it was liable to Yaun for these fees under the terms of the insurance policy.

Patterson was injured when a bearing cap, weighing some 500 pounds, fell from a shaft and struck his foot. The events leading up to the injury may be summarized as follows.

The "JAMESTOWN", upon its arrival in Baton Rouge, Louisiana, was experiencing overheating problems with one of its main bearings. The ship's crew had removed the top half of the bearing (the bearing cap) in order to determine the cause of the difficulty. Inspection disclosed apparent damage to the babbitt surface of the bearing which would require repair. Yaun, an independent contractor engaged by Humble for this purpose, sent a repair gang, which included Patterson, aboard the vessel. The ship's crew, knowing the cap would have to be removed, had left it securely suspended a fraction of an inch above its normal position on the shaft by a chain fall.

The Yaun crew, during the course of their work, lowered the cap onto the shaft and removed the chain fall, thus leaving the cap unsupported on the rounded shaft. The cap remained in this position while other work continued. The foreman of Yaun's crew then ordered Patterson to rig a bridle to the bearing cap so that it could again be lifted by a chain fall and placed on the deck where repairs on the cap could be carried out. While attempting to thread the bridle through an eye bolt on top of the bearing cap, Patterson slipped and fell and, as he did, the bearing cap rolled off the shaft and struck his foot.

After a full trial on the merits, the district court dismissed Patterson's claim for damages, holding, in summary, that there was no negligence on the part of any Humble employee; that Patterson's injury was not caused by a condition of unseaworthiness; and that the injury was caused by the operational negligence of the employer, Yaun, an independent contractor, together with Patterson's own contributory negligence. Alternatively, the court held that no warranty of seaworthiness extended to Patterson regarding the condition in question because his injury was caused by the very defect he had come on board to repair. The district court also held that Humble was entitled to be indemnified by Yaun for the expenses and attorney's fees incurred by Humble in defending the main claim and lastly, that Maryland Casualty, Yaun's insurer, was not liable to Yaun for these sums under the policy of insurance. We turn first to the issues raised by Patterson.

Preliminarily, we note that Patterson does not challenge the district court's finding that there was no negligence on the part of Humble or its employees. The evidence indicates that the bearing cap was safely secured when tendered by Humble to the independent contractor. Nor does Patterson dispute the court's finding that the cap was negligently placed in an unsafe position during the course of the repairs at the direction and under the supervision of his employer, Yaun. Patterson rests his case on the proposition that the unsecured bearing cap became an unseaworthy condition as a matter of law and that any negligence of his employer "came to rest" thus shifting the responsibility back to the shipowner.

■ Whether or not Yaun's negligence "came to rest", so as to allow Patterson's claim to escape the disqualification of cases of "instant unseaworthiness",[1] Humble is not liable in the

---

1. This circuit maintains that the warranty of seaworthiness does not extend to cases where the condition complained of is created by operational negligence occurring at the same moment as the injury. Antoine v. Lake Charles Stevedores, Inc., 376 F.2d 443 (5th Cir. 1967), cert. denied 389 U.S. 869, 88 S.Ct. 145, 19 L.Ed.2d 146; Robichaux v. Kerr McGee Oil Indus., Inc., 376 F.2d 447 (5th Cir. 1967); Grigsby, etc. v. Coastal Marine Service of Texas, Inc. et al., 412 F.2d 1011 (5th Cir. 1969).

present case. The crucial factor is that he was injured as a result of a "transitory condition *resulting from the course of performing the contract* \* \* \*" Moye v. Sioux City & New Orleans Barge Lines, Inc., 402 F.2d 238 (5th Cir. 1968) (concurring opinion) to repair an unseaworthy condition on the vessel. On these limited facts, no duty of seaworthiness existed regarding the transitory [2] condition.

■ In West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959), the claimant argued that a shipowner has a non-delegable duty, not dependent on fault, to provide a "safe place to work." The Court held that no such duty exists, *apart from fault*, and stated that:

> "It appears manifestly unfair to apply the requirement of a safe place to work to the shipowner when he has no control over the ship or the repairs, *and the work of repair in effect creates the danger which makes the place unsafe.*" 361 U.S. at 123, 80 S.Ct. at 193. Emphasis supplied.

Succinctly stated, the owner's warranty of seaworthiness does not extend to non-crew members regarding transitory conditions created by an outside repair crew during the course of substantial repairs to an existing unseaworthy condition when the transitory condition relates to the subject matter of the repair contract. We emphasize we are not called upon to express an opinion regarding conditions so created that are not so intimately connected with the contract. The warranty "may exist simultaneously as to these very same shore workers concerning conditions over which the operating ship owner (charterer) has a realistic physical responsibility \* \* \*." *Moye,* supra, 402 F.2d page 241, concurring opinion.

■■ The District Court also found that Yaun, appellant's employer, breached its duty to perform its work in a reasonably safe and workmanlike manner and that the shipowner was therefore entitled to recover from Yaun the reasonable attorney's fees and costs incured in defense of the litigation. See Strachan Shipping Co. v. Koninklyke Nederlandsche S.M., N.V., 324 F.2d 746 (5 Cir. 1963). It is now clear that the claimant's contributory fault or lack of it is not a factor in determining this obligation to indemnify, SS Lena Luckenbach v. Walsh Stevedoring Co., Inc., 395 F.2d 217 (5 Cir. 1968), and the District Court's holding on this point was correct.

■ Lastly, the District Court held that Yaun was not covered for these fees and expenses under the policy of insurance issued by Maryland.

The policy obligates Maryland

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury \* \* \* sustained \* \* \* by any employee of the insured arising out of and in the course of his employment by the insured. \* \* \*

The phrase "damages because of bodily injury" is defined, in part, as including

> \* \* \* damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees \* \* \*.

Yaun contends that this language encompasses *all* damages "for which the insured is liable by reason of suits or claims" and is not restricted to damages

---

**2.** Appellant did not fall from a ladder, slip on the deck, or fall prey to any of the other myriad of hazards commonly found aboard a vessel.

*See,* Parker v. Cargill, Inc., 417 F.2d 772 (5th Cir. 1969).

awarded for bodily injury. Putting aside the question of whether the fees and expenses here involved are "damages" in the ordinary sense of that term, the quoted language will not support the construction urged by Yaun.

It seems clear that there would be coverage if Yaun were liable to Humble for damages obtained *from* Humble by the employee because of his injuries.[3] Here, however, while the fees and expenses were assessed *against* Humble, the employee's suit was unsuccessful and no damages were obtained *from* Humble. The pertinent policy provision is clear. It refers only to suits or claims "brought against the insured (Yaun) by others (Humble) to recover the damages *obtained from such others* (Humble) because of such bodily injury * * *." No damages were "obtained from" Humble and Humble's present claim against Yaun does not fall within the defined category. The result is that Yaun was not covered for the items in question under the policy.

For the reasons stated, the holdings of the District Court are

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR RE- HEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

3. The District Court reasoned that there was no coverage because Yaun's obligation to Humble arose from a breach of contract (to perform its work in a workmanlike manner) rather than out of bodily injury. However, it would seem that liability under the policy provision in question would arise, if at all, as a result of an indemnity claim of the type here involved and that coverage was not intended to depend on the theory of the claim over against the insured.