446 F.2d 1375
 Mario TARABOCCHIA, Plaintiff-Appellee-Appellant,
v.
ZIM ISRAEL NAVIGATION CO., Ltd., Defendant and Third-Party Plaintiff-Appellant-Appellee,
v.
JOHN W. McGRATH CORP., Third-Party Defendant.
 No. 945.
 Docket 33492.
 United States Court of Appeals, Second Circuit.
 On Remand from the Supreme Court of the United States, March 31, 1971.
 Decided August 12, 1971.
 
 George T. Delaney, Kenneth Heller, New York City, for plaintiff-appellee-appellant.
 Martin J. McHugh, McHugh & Leonard, New York City, for defendant and third-party plaintiff-appellant-appellee.
 Before MOORE, HAYS and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, an employee of John W. McGrath Corp., stevedores, was injured while engaged in an unloading operation from the M/V Beersheva, a vessel owned by Zim Israel Navigation Co. The accident occurred when a loading platform on which plaintiff and a co-worker were standing suddenly became dislodged causing plaintiff to fall. The Trial Court found that the platform was not an appurtenance of the vessel and that the cargo sling being used in the unloading operation did not render the vessel unseaworthy. Liability was premised upon the theory that an act of plaintiff's co-worker caused the accident and that "a ship is rendered unseaworthy when longshoremen make negligent use of seaworthy equipment." 297 F. Supp. 378, 382. Judgment was entered in favor of plaintiff against Zim Israel and McGrath did not dispute its indemnity obligation.
 
 
 2
 Despite the seeming incongruity of holding that a seaworthy vessel can be instantaneously transformed into an unseaworthy condition by a negligent act of a stevedore's employee, this court felt bound by previous decisions of the Supreme Court[1] and its own decisions in reliance thereon[2] to affirm the judgment. At the same time the court recognized that conflict existed between the Circuits (the Fifth[3] and the Ninth[4]) but said that it was for the Supreme Court "to resolve the apparent conflict between the Circuits." 417 F.2d 476, 478.
 
 
 3
 This resolution has now been made by the Supreme Court in Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S. Ct. 514, 27 L.Ed.2d 562 (1971) but not without vigorous dissent by four Justices thereof. 400 U.S. at 501-504, 91 S.Ct. 514. The majority opinion reviewed the many cases which over the years have created the problem and came to the conclusion that it would be erroneous "where no condition of unseaworthiness existed, to hold the shipowner liable for a third party's single and wholly unforeseeable act of negligence." 400 U.S. at 500, 91 S.Ct. at 518.
 
 
 4
 Upon Zim Israel's petition, certiorari was granted (four Justices dissenting), the judgment vacated and the case was remanded "for further consideration in the light of Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562, decided January 25, 1971." 401 U.S. 930, 91 S.Ct. 914, 28 L.Ed.2d 211 (1971). Such consideration has now been given in the light of that decision and the case is remanded to the United States District Court for the Southern District of New York with instructions to dismiss the complaint.
 
 
 
 Notes:
 
 
 [1]
 Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (1967); Waldron v. Moore-McCormack Lines, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967); Gutierrez v. Waterman SS. Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Mitchell v. Trawler Racer, 362 U.S. 539, 80 S.Ct. 926, 4 L. Ed.2d 941 (1960); Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1943)
 
 
 [2]
 Candiano v. Moore-McCormack Lines, Inc., 382 F.2d 961, (2d Cir. 1967) rehearing denied, 386 F.2d 444, (2d Cir. 1967) 390 U.S. 1027, 88 S.Ct. 1416, 20 L.Ed.2d 284 (1968); Alexander v. Bethlehem Steel Corporation, 382 F.2d 963 (2d Cir. 1967)
 
 
 [3]
 Antoine v. Lake Charles Stevedores, Inc., 376 F.2d 443, cert. den. 389 U.S. 869, 88 S.Ct. 145, 19 L.Ed.2d 146 (1967); Robichaux v. Kerr McGee Oil Industries, Inc., 376 F.2d 447 (1967)
 
 
 [4]
 Tim v. American President Lines, Ltd., 409 F.2d 385 (1969) and cases cited therein