James C. **BROOKS**, Plaintiff,

v.

**ZERSSEN & COMPANY**, Defendant and Third Party Plaintiff,

v.

**SOUTHEASTERN MARITIME COMPANY**, Third Party Defendant.

No. 71–34–Civ–J.

United States District Court, M. D. Florida, Jacksonville Division.

March 23, 1972.

866

James F. Moseley, Jacksonville, Fla., for third party plaintiff.

Lloyd C. Leemis, Boyd, Jenerette, Leemis & Staas, Jacksonville, Fla., for third party defendant.

Dudley P. Hardy, Jacksonville, Fla., Waldman, Smallwood, Johnson & Rafes, Beaumont, Tex., for plaintiff.

## ORDER

WILLIAM A. McRAE, Jr., Chief Judge.

The question of whether the third party plaintiff's motion for summary judgment against the third party defendant was properly denied and likewise the question of whether third party defendant's motion for summary judgment against the third party plaintiff was properly granted were set down for rehearing upon the motion of third party plaintiff. The issue presently is whether the shipowner (third party plaintiff) or the stevedore (third party defendant) ought to bear the expense of defending a suit brought by an employee of the stevedore arising out of injuries sustained when two forklifts collided on land.

Plaintiff has not prevailed here because of the rule laid down in Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383, precluding recovery under maritime law for land injuries of this kind. It has not been necessary to decide, and the Court has not decided, whether the accident was attributable to the negligence or other fault of the plaintiff or of his fellow employee or of the employer, or to some combination of such factors. Necessarily, however, the Court has determined that the shipowner is in no way legally at fault.

If plaintiff and the operator of the other forklift are together responsible, their employer, the stevedore, has breached his warranty to perform in a workmanlike manner as a matter of law and is obligated to indemnify the shipowner for attorney's fees incurred in defending the law suit. SS Lena Luckenbach v. Walsh Stevedoring Co., 395 F.2d

217 (5th Cir. 1968). If any one employee is solely responsible, including the plaintiff himself, the employer-stevedore is also held to have breached his warranty of workmanlike service. Hill v. Flota Mercante Grancolombiana, S.A., 267 F. Supp. 380 (E.D.La.1967); *cf.* United States Lines Co. v. Williams, 365 F.2d 332 (5th Cir. 1966); *see* Reed v. MV Foylebank, 415 F.2d 838, 839 n. 4 (5th Cir. 1969). *But cf.* Arista Cia. De-Vapores, S.A. v. Howard Terminal, 247 F.Supp. 710, 712 (N.D.Cal.1965) ("the Shipowner . . . must accept the burden of defending himself against unmeritorious claims of workman *invited on his premises* . . .) (emphasis supplied). Of course, if the employer is itself responsible, as for example, by furnishing defective forklifts, the warranty has been breached. Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, N.V., 324 F.2d 746 (5th Cir. 1963).

In addition to the array of authority supporting the shipowner's position if it is assumed that legal fault lies somewhere, a rule permitting indemnification for attorney's fees in these circumstances commends itself to the Court as a sound one. Where the shipowner is blameless, the defense of a longshoreman's personal injury suit amounts to the rendering of services to the party at fault. It is important, too, that the shipowner's defense be a vigorous one so that the rights of the various parties are adequately protected and a rule permitting indemnification for expenses makes for thorough and unfeigned defense of law suits of this kind.

It is, therefore,

Ordered:

1. The order for summary judgment and final summary judgment entered herein on February 1, 1972, is rescinded.

2. Defendant's motion for summary judgment against plaintiff is granted, and judgment entered.

3. Third party defendant's motion for summary judgment against third party plaintiff is denied, and judgment entered.

4. Third party plaintiff's motion for summary judgment against third party defendant is granted, and judgment entered for attorney's fees and expenses reasonably incurred in defending the case in chief.