**SAN SHIAH ENTERPRISE CO., LTD., Plaintiff,**

v.

**PRIDE SHIPPING CORPORATION, a Corporation; Efploia Shipping Co., S.A., and Cooper/T. Smith Stevedoring, in personam, Defendants.**

**and**

**TAT (USA) Copr.; Ranier Shipping Co.; Overseas Freight Corp. and Evergreen (USA), Inc., Third–Party Defendants.**

**Civ. A. No. 88–0944–P–C.**

United States District Court, S.D. Alabama, S.D.

Feb. 11, 1992.

A. Clay Rankin, III, Mobile, Ala., for plaintiff.

W.J. McDaniel, John F. McDaniel, Birmingham, Ala., William M. Moore, David M. O'Brien, M. Kathleen Miller, Gregory C. Buffalow, Mobile, Ala., for defendants.

JOHN R. BROWN, Senior Circuit Judge *.

On appeal is the magistrate judge's imposition of sanctions against the shipowners (Pride Shipping Corp. and Efploia Shipping Co., S.A.) and, in part, against Gregory C. Buffalow, Esq. We hold that the imposition against shipowners is affirmed and the imposition against counsel (Buffalow) is reversed and rendered.

■ The court is in agreement that the magistrate judge correctly held that a sanction hearing is within the magistrate judge's powers under 28 U.S.C. § 636(b)(1)(A), F.R.Civ.P. 72(a). *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir.1990); *Merritt v. Int'l. Bhd. of Boilermakers*, 649 F.2d 1013, 1016–1017 (5th Cir. Unit A June 1981); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458,

* Of the Fifth Circuit sitting by designation.

1462 (10th Cir.1988); *Grimes v. City of San Francisco*, 951 F.2d 236 (9th Cir.1991).

On this review, the court "shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." F.R.Civ.P. Rule 72(a).

### Imposition of Sanctions Against Shipowners

Upon consideration of the magistrate-judge's detailed order, the findings of fact and conclusions are neither clearly erroneous nor contrary to law and are therefore affirmed.

### Imposition of Sanctions Against Counsel

Although the court's imposition of sanctions against the shipowners (Pride Shipping Corp. and Efploia Shipping Co., S.A.) is free of clear error and is therefore affirmed, the sanctions imposed against the attorney personally (Gregory Buffalow, Esq.) considering the circumstances in this case and especially the short time taken for confirmatory deposition of plaintiffs' expert is an abuse of discretion and cannot stand.

One might ask, if the shipowner is subject to sanctions, how can there be an escape for counsel whose handiwork (pleadings, motions, memoranda, etc.) were essential to carrying out in court the mistaken views of the client?

The answer to that lies primarily in the nature of the function of counsel. In today's world, lawyers are often the victim of malpractice claims for breach of professional responsibility. Lawyers having imposed such claims on doctors, hospitals, engineers, architects and even perhaps ministers, now find themselves the victim of their spirited advocacy. The prospect of substantial liability is not altogether out of the question, notwithstanding the facts in favor of the stevedore in the magistrate judge's development of the order on sanctions.

First, the complaint of the cargo owner, although dismissed as a separate action against the stevedore, continued to assert in ¶ 17 that the shipowner "negligently failed properly to load, stow, secure and carry such cargo, and thereby cause or allowed most of the same to be lost overboard."

Significantly, cargo plaintiffs never withdrew the allegations against the shipowners (Pride and Efploia) of improper loading, lashing and stowage of the cargo. So it was quite proper for a shipowner initially to rely on the *Ryan* warranty (WWLP). With cargo's claims against shipowners remaining in the case, no one could be sure until the final gong rings that in the trial of the main action, the court might find some basis for a claim against the stevedore (Cooper/T. Smith, Stevedore and Company, Inc.). If that were to take place, the shipowner, without a formal cross claim, could not have asserted its *Ryan* indemnity/contribution against the stevedore. *Ryan Stevedoring Co., Inc. v. Pan–Atlantic SS. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). One must bear in mind that under the WWLP, the contractor (usually a stevedore) frequently has been held liable for attorney's fees, expenses, etc., even though the indemnitee (the shipowner) has been exonerated. *See Strachan Shipping Co. v. Konin Klyke Nederlandsche Stoomboot Maalschappy, N.V.*, 324 F.2d 746, 746–47 (5th Cir.1963); *Patterson v. Humble Oil & Refining Co.*, 423 F.2d 883, 886 (5th Cir. 1970), *cert. denied*, 401 U.S. 922, 91 S.Ct. 863, 27 L.Ed.2d 826 (1971); *Diaz v. Western Ventures, Inc.*, 467 F.2d 1361, 1362 (5th Cir.1972), *cert. denied*, 410 U.S. 967, 93 S.Ct. 1445, 35 L.Ed.2d 702 (1973); *Ins. Co. of North America v. M/V OCEAN LYNX*, 901 F.2d 934, 941 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991).

Obviously, the relationship here between the shipowner and stevedore imposed the WWLP obligation on the stevedore. To forego altogether the claim for attorney's fees and expenses in this long-fought, complex transaction would have exposed counsel to serious, potential malpractice liabilities, especially since the shipowner's counsel wanted to get evidence under oath by the deposition of cargo's expert Van Aken. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987). Add to this the spectacular fact that the magistrate judge expressly found "... that [counsel] violated Rule 11 *at the time* the *response* to the motion for *sanctions* was *signed* and filed on January 9, 1990." (emphasis added). That this was no slip of the pen is made clear by the magistrate judge's findings immediately thereafter:

> The filing of the January 9, 1990 pleading, which opposed Cooper/T. Smith's motions for sanctions and for summary judgment served only to cause unnecessary delay and needless increase in the cost of litigation.

■ To find a violation of Rule 11 by the making of a defense to a motion for sanctions which—independent of monetary factors—subjects the accused lawyer to charges of professional misconduct reflecting on the good name and likelihood of serious damage to counsel's reputation would itself be a violation of the spirit of Rule 11. *See Brown v. Federation of State Medical Bd.*, 830 F.2d 1429, 1437 (7th Cir.1987). Filing an opposition to the motion for sanctions cannot possibly amount to a violation of Rule 11. Considering the far-reaching effect of sanctions against counsel individually, attorneys should be free to defend without running the risk of further sanctions for defending themselves against an accusation that Rule 11 has been violated. In *Blue v. U.S. Army*, 914 F.2d 525, 548 (4th Cir.1990), the Fourth Circuit stated:

> We agree that the district court erred in imposing sanctions on counsel for opposing the sanctions motions. Litigants should be able to defend themselves from the imposition of sanctions without incurring additional sanctions.

That the cross claim was disposed of by summary judgment merely reflected that "the claim might merit dismissal but not punishment." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir.1990).

First announced in *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 871–73 (5th Cir.1988) (en banc), repeated by the Eleventh Circuit in *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc), with the imprimatur of *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990), the review standard is abuse of discretion. Considering the circumstances of this case and the reasonableness of counsel's judgment that dismissal of the cross claim should await confirmatory evidence under oath of cargo's principal expert, to impose sanctions on counsel personally was an abuse of discretion and thus "contrary to law," F.R.Civ.P. 72(a).

Sanctions against shipowners AFFIRMED.

Sanctions against counsel REVERSED AND RENDERED.