**Kenneth H. KELLOCH, Plaintiff,**

v.

**S & H SUBWATER SALVAGE, INC.,
et al., Defendants.**

**Civ. A. No. 70–3372.**

United States District Court,
E. D. Louisiana.
June 29, 1973.

**ON REMAND**

CASSIBRY, District Judge:

This case was remanded for the limited purpose of a determination, in light of *Patterson v. Humble Oil & Refining Co.*, 5 Cir., 1970, 423 F.2d 883, 886, whether S & H Subwater Salvage, Inc., [S & H] the indemnitor, may recover from its insurers the amount which it must expend, according to the terms of the judgment in this case, for the payment of attorneys of Sharecroppers Boat Rental, Inc., [Sharecroppers] the indemnitee.

Briefly, the Court of Appeals affirmed the judgment of this Court rendered against S & H and Sharecroppers in favor of the employee of S & H, Kenneth Kelloch, who was injured on Sharecropper's vessel, and affirmed also the award to Sharecroppers of total indemnification from S & H for any part of Kelloch's judgment it pays. In addition the Court of Appeals (1) awarded attorneys' fees to Sharecroppers as part of the award of indemnification, and held that (2) S & H attorneys were to be paid by its insurers. Remanded for my determination was whether S & H insurers were also liable to S & H for the payment of Sharecroppers attorneys under (1) above.

The coverage provision relied upon by S & H in this case is identical to the coverage provision involved in the Patterson case. The insurers obligate themselves to S & H

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained * * * by any employee of the insured arising out of and in the course of his employment by the insured. * * *

Further in the insurance contract the phrase "damages because of bodily injury" is defined, in part, as including

> * * * damages for which the insured is liable by reason of suits or claims brought against the insured by

Lawrence K. Burleigh, Morgan City, La., for S & H Subwater Salvage, Inc.

Donald M. Pierce, New Orleans, La., for Surplus Underwriters, Inc.

others to recover the damages obtained from such others because of such bodily injury sustained by employees * * *.

Patterson, a ship repairman employed by Yaun Welding & Machine Works, Inc., sued Humble Oil and its ship, the ESSO Jamestown for injuries allegedly sustained because of an unseaworthy condition of the vessel. Humble denied liability and filed a third party complaint against Yaun seeking indemnity and recovery of costs, attorney's fees, and expenses incurred in defense of the litigation. Yaun impleaded its compensation carrier, Maryland Casualty Company. Maryland denied liability for these fees under the provision above quoted.

The vessel was held to have no unseaworthy condition allowing recovery and Humble was not cast for any damages to Patterson for bodily injury.[1] Yaun was cast for Humble's attorney's fees and costs incurred in defense of the litigation, however, because Yaun had breached its duty to perform its work in a reasonably safe and workmanlike manner. Yaun was not permitted to recover from its insurer these items under the heretofore quoted coverage provision. The Court of Appeals reasoned thus:

> Yaun contends that this language encompasses *all* damages "for which the insured is liable by reason of suits or claims" and is not restricted to damages awarded for bodily injury. Putting aside the question of whether the fees and expenses here involved are "damages" in the ordinary sense of that term, the quoted language will not support the construction urged by Yaun. It seems clear that there would be coverage if Yaun were liable to Humble for damages obtained from Humble by the employee because of his injuries. Here, however, while the fees and expenses were assessed

*against* Humble, the employee's suit was unsuccessful and no damages were obtained *from* Humble. The pertinent policy provision is clear. It refers only to suits or claims "brought against the insured (Yaun) by others (Humble) to recover the damages *obtained from such others* (Humble) because of such bodily injury * * *." No damages were "obtained from" Humble and Humble's present claim against Yaun does not fall within the defined category. The result is that Yaun was not covered for the items in question under the policy.

Obviously, the situation preventing coverage under the language of the insurance contract in *Patterson* does not exist in this case. Damages for bodily injury were obtained *from* Sharecroppers because of the unseaworthiness of its vessel. Kelloch recovered from both S & H and Sharecroppers. The insurers contend that whether a plaintiff recovers for bodily injuries is immaterial to the question of whether the insurer is liable for attorney's fees that the insured must pay the indemnitee. Relying upon the general rule that, in the absence of statutory or contractual authority, attorney's fees should not be awarded as an item of damages and citing *Wolf v. Cohen*, 126 U.S.App.D.C. 423, 379 F.2d 477, (1967); *Air-Conditioning Co. v. Fireman's Fund Insurance Co.*, (La.App.1971), 252 So.2d 919; *Roberie v. Sinclair Refining Co.*, (La.App.1971), 252 So.2d 488; *Morein v. G. J. Deville Lumber Co.*, (La.App.1968), 215 So.2d 208, they contend that attorney's fees are not damages as contemplated by the law and contemplated by the policy of insurance and the coverage provision should be limited *to damages obtained from such others because of bodily injury sustained by an employee of the insured*. I cannot agree with this contention.

---

1. "Succinctly stated, the owner's warranty of seaworthiness does not extend to noncrew members regarding transitory conditions created by an outside repair crew during the course of substantial repairs to an existing unseaworthy condition when the transitory condition relates to the subject matter of the repair contract." 423 F.2d 883 at p. 886.

First, the general rule relied upon by the insurers and the cases cited therefor inveighs generally against the awarding of attorney's fees, but attorney's fees were in fact awarded in this case and they can only be regarded as damages.

As a general rule an indemnitee is entitled to recover as a *part of the damages*, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified * * *. (Italics mine). 42 C.J.S. Indemnity § 13, p. 586.

The foreseeable damages recoverable for breach of warranty include reasonable attorneys' fees and expenses incurred in defending, successfully or unsuccessfully, the injured party's action for damages. *Lusich v. Bloomfield Steamship Company*, 355 F.2d 770 (5th Cir., 1966).

Furthermore, the language of the coverage provision does not permit limitation of coverage to damages obtained from Sharecroppers because of bodily injury sustained by an employee of S & H. Damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees includes more than just the damages obtained from such others. By reason of the claim brought against S & H (the insured) by Sharecroppers to recover damages obtained from Sharecroppers by Kelloch, S & H is liable in damages to Sharecroppers for the damages obtained from Sharecroppers by Kelloch and for reasonable attorney's fees incurred by Sharecroppers in defending Kelloch's action for damages. In other words the damages that the insured is liable for by reason of an indemnity claim are greater than the damages that the indemnitee has had to pay the injured person.

The language of the coverage provision is broad enough to include damages for which the insured is liable in the form of attorney's fees and S & H is entitled to judgment against its underwriters, State Automobile & Casualty Underwriter, Industrial Fire & Casualty Company and Seguros America Banamex for reasonable attorney's fees of Sharecroppers in defending Kelloch's claim.

The Clerk shall prepare judgment accordingly.

