297 So.2d 780 (1974)
Josephine ORDONEZ, wife of/and Alfred A. Ordonez
v.
W. T. GRANT COMPANY et al.
No. 6297.
Court of Appeal of Louisiana, Fourth Circuit.
July 9, 1974.
*781 Rudolph R. Schoemann, New Orleans, for Crisler of Louisiana, Inc., third-party plaintiff-appellee.
Louis M. Kiefer, Jr., and Ethel H. Cohen, New Orleans, for Carothers and Carothers Const. Co. and Employers Mut. Liability Ins. Co. of Wisconsin, third-party defendants-appellants.
Before SAMUEL, STOULIG and MORIAL, JJ.
STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Alfred A. Ordonez, were awarded a judgment in a personal injury suit against Carothers and Carothers Construction Company (Carothers) and Employers Mutual Liability Insurance Company of Wisconsin (Employers), its public liability carrier.
Mrs. Ordonez sued multiple defendants, one of whom was Crisler of Louisiana, Inc. (Crisler), owner of the property, for a trip-and-fall accident in the W. T. Grant Company shopping center parking lot at Chalmette, Louisiana.
Upon Employers rejection of the tender of defense on its behalf, Crisler filed a third party action alleging the contractor was liable for the cost of defense under a building contract and Employers solidarily liable under a comprehensive general liability insurance policy in which it was an additional named insured. The trial court ruled these two third party defendants were liable for Crisler's costs to defend and further ordered the amount should be determined at "a show cause hearing." From this part of the judgment, Carothers and Employers have appealed.
Carothers and Employers satisfied the judgment rendered in favor of the original *782 plaintiffs, Mr. and Mrs. Albert A. Ordonez, but lodged this suspensive appeal from that portion of the judgment on the third party demand awarding Crisler the costs of its defense, including reasonable attorney fees.
Crisler argues Carothers' liability arises from this portion of a building contract between them executed June 2, 1970, in which the general contractor bound himself to:
"* * * provide * * * public liability insurance * * * property damage and OWNERS' Protective Liability * * * naming CONTRACTOR and OWNER as assureds * * * certificates of insurance shall be delivered to OWNER * * * at the expense of CONTRACTOR * * *.
* * * * * *
"Should the OWNER * * * be compelled to employ an attorney to enforce any part of this Contract against CONTRACTOR * * * the reasonable fees of such attorneys shall be a charge against the CONTRACTOR * * *."
That same day Arnold Carothers, the contractor's president, asked his insurer Employers to quote a rate to add Crisler as a named insured on its public liability policy to cover the W. T. Grant-Chalmette job. Prior to furnishing the rate information, the agent, at the request of Carothers, immediately issued a certificate of insurance naming Crisler as an additional insured, effective June 16, 1970. This certificate was sent to Crisler's president, Charles Crisler, a Mississippi attorney. After its receipt by Crisler, Arnold Carothers was informed his company would have to pay an additional 10 percent of the policy premium to cover Crisler and he advised Bill Tucker, agent with Employers, it would not pay the additional premium.
The record indicates Carothers found the additional premium prohibitive, but this opinionvalid or notdid not relieve his company of its obligation to furnish the insurance coverage specified in the building contract. Nor can we conclude it was reasonable for Carothers to expect Employers to insure Crisler after it refused to pay the premium.
Under these circumstances we hold Carothers was liable for attorney fees and other costs of defense incurred by Crisler. Had Crisler been a named insured under the policy, his defense would have been an obligation of Employers. Carothers' failure to place the insurance specified in the building contract constituted a breach of the agreement and resulted in Crisler's having to bear all of the costs of its defense of the suit. Under LSA-C.C. art. 1930 Crisler is entitled to damages in this amount.
As to Employers, two theories of liability are urged, i. e. (1) Employers misled Crisler into believing coverage was in effect, ergo the insurer is liable; and/or (2) Employers is the contractual liability insurer of Carothers, and as such is liable to any party that Carothers agreed to indemnify in its building contract.
As to the first contention, Crisler points out it received a certificate of insurance showing it was an added insured on the Grant-Chalmette job as of June 16, 1970. This is true but this instrument also indicates the insurance policy period ended on September 1, 1970. A second certificate of insurance was mailed to Crisler for the policy period ending September 1, 1971; however, this one did not specify Crisler was an added insured. The accident giving rise to this action occurred on August 4, 1971, during the policy period of the second certificate.
Charles Crisler testified he recalls receiving the second certificate and assumed at the time it certified Crisler had the same coverage outlined in the first certificate. We note at this point that Crisler had reviewed the first certificate in detail. Because he failed to read the second, we will not hold Employers responsible for his *783 oversight, particularly when the certificate was directed to an attorney who previously demonstrated an eye for detail.
Crisler further argues the insurer by the terms of the policy obligates itself to give a ten-day written notice before cancelling. That provision applies during the term of coverage indicated (September 1, 1970). Had this accident occurred prior to the expiration date of this certificate of insurance held by Crisler, the failure of Employers to give timely notice of its cancellation to this assured would render it liable as the insurer of Crisler. However, this accident occurred more than 11 months after issuance of the new certificate deleting Crisler as an insured.
The adequacy of the coverage afforded in fulfilling the contractual obligation of Carothers was Crisler's responsibility and not Employers. We find no evidence of deceptive practice in connection with the issuance of the second certificate.
The thrust of the second argument is that Crisler should be accorded the benefits of a named insured under Coverage Y of Carothers' policy. It provides:
"The company will pay on behalf of the insured all sums which the insured, by reasons of contractual liability assumed by him under a contract * * * shall become legally obligated to pay as damages because of
Coverage Y bodily injury or
* * * * * *
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury * * *."
As we interpret this provision, the coverage extends only to the named insured. The indemnitee has no claim thereunder and the insurer has no obligation to defend suits against the insured's indemnitee. Its exposure under Coverage Y is limited to damages for which the named insured becomes liable as the result of a contractural agreement to indemnify or hold harmless. We note Crisler did not qualify as a named insured under this policy. We therefore find the trial court erred in holding Employers liable for costs of defense incurred by Crisler.
In its judgment the trial court did not make a specific monetary award for Crisler's costs, including attorney fees, of its defense of this litigation but pretermitted a determination of these expenditures to an unspecified future contradictory proceeding. There is insufficient evidence in the record to warrant this court's assessment of these costs under the authority conferred by LSA-C.C.P. art. 2164. Though reluctant to do so because of the delays involved, nonetheless we are constrained to remand this matter to the trial court for the purpose of fixing these costs, including reasonable attorney fees.
For the reasons assigned, the judgment appealed from is reversed insofar as it cast Employers Mutual Liability Insurance Company of Wisonsin in judgment and it is ordered, adjudged and decreed the third party action against the insurer be dismissed.
It is further ordered, adjudged and decreed that there be judgment in favor of third party plaintiff, Crisler of Louisiana, Inc., and against defendant Carothers and Carothers Construction Company and the matter remanded to the trial court for the purpose of determining third party plaintiff's cost of defense, including reasonable attorney fees. Defendant Carothers is to pay all costs of this appeal.
In all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part and rendered; remanded.