445 So.2d 146 (1984)
GREAT ATLANTIC INSURANCE COMPANY, Plaintiff-Appellee,
v.
MARTIN SERVICES INTERNATIONAL, INC., Defendant-Appellant.
No. 83-441.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*147 G. Frederick Seemann, Lafayette, for defendant-appellant.
David F. Hutchins, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendant, Martin Services International, Inc. (Martin) appeals a trial court judgment awarding $7,087 to plaintiff, Great Atlantic Insurance Company (Atlantic) representing unpaid insurance premiums on a liability policy issued to defendant. Defendant contends that Atlantic breached the insurance contract by failing to provide legal defense for a third party in a personal injury case, pursuant to a third party indemnity agreement. The trial court held, that under the policy, Atlantic had no duty to provide a defense to a personal injury action arising out of an indemnity agreement between Martin and a third party, Tenneco Oil Company (Tenneco). Further, that Martin's indemnity agreement with Tenneco was contra bonos mores by virtue of LSA-R.S. 9:2780 and would not constitute a recoverable claim under Atlantic's policy with Martin. Considering that Martin did assert a claim recoverable under the policy and that the accident giving rise to the claim occurred prior to enactment of the substantive statute, we reverse.

FACTS
Atlantic issued a policy of liability insurance to defendant insuring Martin from personal injury claims of its employees. The policy contained the following provision:
"This policy does not apply to any Contractual Liability with regard to claims made for defense or indemnification asserted by an indemnitee of the named insured with respect to liability assumed by said indemnitee under a contract with a third party."
This policy limitation was expressly deleted from the policy by subsequent endorsement (amendment) on March 17, 1980.
Prior to this policy amendment, Martin had negotiated a blanket work contract with Tenneco to indemnify Tenneco in the following manner: To provide any necessary legal defense resulting from personal injuries received by Martin's employees while performing Tenneco's work.
On March 24, 1980, one of Martin's employees, Dallas Edmond, suffered an injury while working at Tenneco. Mr. Edmond sued Tenneco, who in turn resorted to Martin to provide a defense to the action in accordance with the indemnity contract. Martin then called upon Atlantic to provide insurance coverage, in the form of a defense for Tenneco, in connection with the amended policy which imported this type of coverage. Atlantic refused, asserting that it had no duty under the policy or in accordance with the law to provide the indemnitee, Tenneco, with a defense pursuant to the indemnity contract with the insured, Martin. Consequently, Martin withheld further payment of premiums alleging that Atlantic breached the insurance contract. Atlantic then initiated this action on open account to recover the unpaid premiums.

POLICY LIMITS
The first issue presented for our consideration is whether the amended policy provides for coverage which would establish Atlantic's duty to defend Tenneco in the Edmond suit pursuant to the indemnification agreement between Tenneco and the insured, Martin. Clearly, the policy provision cited above expressly denies coverage for claims arising out of indemnity agreements between an insured and a third party. However, the disclaimer was expressly deleted from the policy by subsequent endorsement (amendment). It is apparent that Atlantic's motive for deleting the disclaimer was to expand the limits of coverage and provide Martin with protection for *148 claims arising out of indemnity agreements with third parties. Nonetheless, Atlantic argues that the policy does not expressly provide for this type coverage. This may well be true, however, we must determine the import and purpose of the policy amendment.
Upon thorough review of the policy and the respective amendments, we find the policy to be obscure and ambiguous with respect to the claim asserted by Martin. For resolution of this ambiguity we resort to LSA-C.C. art. 1958 which provides:
"Art. 1958. Interpretation against party responsible for doubt
But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."
The primary object of all insurance is to insure. Therefore, any doubt as to the extent or fact of coverage under a provision will be understood in its most inclusive sense. Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981); Commercial Capital Systems, Inc. v. Faille, 333 So.2d 293 (1st Cir.1976); Borden, Inc. v. Howard Trucking Co., Inc., 425 So.2d 893 (1st Cir.), writ granted, 429 So.2d 148 (La.1983). Accordingly, we hold that the ambiguous policy amendment shall be construed against the insurer and in favor of the insured, Martin, to import and extend coverage for the type of claim which the disclaimer provision would have formerly negated. Atlantic was therefore bound under the policy to provide Martin's indemnitee with a defense to the Edmond-Tenneco suit.

RETROACTIVE APPLICATION OF LSA-R.S. 9:2780
Atlantic further refused to defend the Edmond law suit relying on LSA-R.S. 9:2780. This law provides that the type of indemnity sought by Tenneco pursuant to its work contract with Martin is against public policy (contra bonos mores) and therefore that portion of the work contract is void. We agree with this interpretation and effect of the new law as it relates to indemnity contracts of this nature. However, LSA-R.S. 9:2780 became effective on September 11, 1981, more than 17 months after the accident involving Mr. Edmond and more than 18 months after Atlantic amended its policy to provide coverage for claims arising out of Martin's indemnity agreements.
In this instance, we are compelled to follow the strict statutory language of LSA-R.S. 9:2780(I) which provides in pertinent part:
"The provisions of this Act shall not apply to a contract providing indemnity to the indemnitee when such contract was executed before the effective date of this Act and which contract governs a specific terminable performance of a specific job or activity listed in Subsection C."
In accordance with this statutory mandate we adopt and ordain the following rationale in Tobin v. Gulf Oil Corp., 535 F.Supp. 116 (E.D.La.1982) where the court stated:
"[1] Mr. Tobin's injury, his initial suit against Gulf, and Gulf's claim against S.E.E. all pre-date the effective date of LRS 9:2780. S.E.E. would therefore have us rule that the statute is to be applied retroactively to void indemnity contracts applicable to accidents occurring prior to the effective date of the act. The law is to the contrary. While the statute may be constitutional and apply to contracts executed prior to the effective date and existing after it with respect to accidents occurring after September 11, 1981, we hold that it is not applicable to accidents or injuries such as Mr. Tobin's which occurred prior to that date.
LRS 9:2780 is a substantive law and not merely remedial or procedural. Accordingly prospective application of the statute is presumed in the absence of specific provision to the contrary. Lott v. Haley, 370 So.2d 521 (La., 1979); La. C.C. Art. 8; LRS 1:2. LRS 9:2780 makes *149 no specific provision for retroactive effect."
We therefore hold that LSA-R.S. 9:2780 will not apply retroactively in this instance. The indemnity portion of Martin's contract with Tenneco has not been abrogated by the substantive provisions of the statute and is therefore valid. Martin's insurance claim under the terms and import of the insurance policy was a valid and enforceable one. Atlantic's failure to honor the claim constituted a breach of contract. Therefore, Atlantic is not entitled to recover any further sums under the contract.
Based on the above and foregoing reasons, the judgment of the trial court is reversed and vacated, and plaintiff's suit is ordered dismissed, all at appellee's costs.
REVERSED.