495 So.2d 375 (1986)
Charlotte Ann LOPEZ, Plaintiff,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, et al, DefendantsThird Party PlaintiffsAppellants,
Sauer Industrial Contracting, Inc. and Continental Casualty Company, Third Party DefendantsAppellees.
No. 85-1018.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Rehearings Denied October 30, 1986.
Writs Denied December 19, 1986.
*376 Stockwell, Sievert, Jeanne Sievert and John S. Bradford, Lake Charles, for defendants-appellants.
Brame, Bergstedt, John E. Bergstedt, Plauche, Smith and Nieset, Charles V. Musso, Jr., Jones, Tete, Hunter W. Lundy, Lake Charles, for defendants-appellees.
Raleigh Newman, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Judge.
The sole issue upon appeal is the propriety of the district court's summary judgment in favor of the third party defendants, Sauer Industrial Contracting, Inc. and Continental Casualty Company.
Originally, plaintiff Charlotte Ann Lopez filed a wrongful death action on the basis of negligence and strict liability for the untimely demise of her husband, Don Anthony Lopez, who was asphyxiated by nitrogen gas. The plaintiff brought her suit against the owner of the premises upon which Mr. Lopez was working at the time of his death, one of the owner's employees, and the owner's insurer (PPG Industries, Inc., Charles Galanie, and Hartford Accident & Indemnity Company, respectively). The above named defendants third-partied Mr. Lopez's employer, Sauer Industrial Contracting, Inc., and its insurer, Continental Casualty Company, seeking either indemnification pursuant to a work contract between PPG and Sauer or damages in legal subrogation for Sauer's acts of negligence.
On a motion for summary judgment filed by Sauer and Continental, the trial judge held that the work contract between PPG and Sauer did not provide for indemnification under the facts of this case. The lower court further implicitly ruled that PPG was not entitled to subrogation for any of Sauer's acts of negligence inasmuch as the plaintiff sued only PPG for its negligence; therefore, the issue of Sauer's negligence was not before the court.[1] Defendants and third party plaintiffs have appealed the granting of the summary judgment, contesting in essence;[2]
(1) Whether all issues of Sauer's negligence were sufficiently resolved to *377 meet the burden of proof required for summary judgment;
(2) Whether, as per the indemnity provisions of the contract between PPG and Sauer, the latter was bound to indemnify PPG on the facts of this case;
(3) Whether Sauer's contractual obligations to provide insurance and name PPG as an additional insured created an independent obligation of indemnity;
(4) Whether Sauer's contractual obligation to abide by certain safety regulations and indemnify PPG for any damages arising from a violation thereof created a cause of action in favor of PPG and against Sauer for indemnification under the facts of the present case.

ISSUE NO. 1
PPG Industries complains of the trial judge's alleged error in granting the third party defendants' motion for summary judgment, alleging that the appellees failed to meet their burden of proof. Specifically, PPG alleges that there exists many unresolved issues concerning Sauer's acts of negligence which serve to defeat the motion for summary judgment.
Section B of Article 966 of the Code of Civil Procedure provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added). The critical word in the above standard as applied to the present case is "material." PPG's third party demand seeks reimbursement for any damages it may have to pay the plaintiff. Inasmuch as the plaintiff has only sought damages from PPG for the latter's negligence or for liability under Civil Code Article 2317, any damages awarded will not result from Sauer's negligence. Therefore, as the appellants allege, there may be unresolved issues of Sauer's negligence; however, any such issues are irrelevant in a suit against PPG for its negligence.

ISSUE NO. 2
The appellants assert that the trial court erred in ruling that the obligation of indemnity established in Section 6 of the contract between PPG and Sauer was inapplicable to the case. Section 6 provides in pertinent part:
"c. Contractor agrees to indemnify, hold harmless and defend Owner, its officers, employees and representatives, from and against:
* * * * * *
(2) Any claim, demand, cause of action, loss, expense or liability, whatsoever, on account of injury to or death of persons (including the employes of Owner, Contractor and Contractor's subcontractors and suppliers) or damage to or loss of property arising out of or relating to the acts or omissions to act of Contractor or its subcontractors, suppliers, or agents, or the employees of any thereof, in the performance of the Work, or of the Agreement, or both, including without limitation such claims, loss or liability arising from the use use [sic] or operation by Contractor of construction equipment, tools, scaffolding, or facilities furnished to Contractor by Owner to perform the Work, and including any expenses and attorneys' fees incurred by Owner for legal action to enforce Contractor's indemnification obligations under this Article, but excepting where the injury or death of persons or damage to or loss of property was caused by the proximate negligence or willful misconduct of Owner;" (Emphasis added).
The final clause of Section 6(c)(2) clearly excludes coverage for negligent acts of the owner (PPG). Nevertheless, the appellants maintain that the above-quoted obligation requires Sauer to indemnify PPG against "any claims ... whatsoever", including any demand based on strict liability.
We cannot agree with the appellants for two reasons. First, our reading *378 of the quoted contractual provision convinces us that the parties intended that Sauer indemnify PPG for damages arising from Sauer's negligence.[3] Second, since the contract does not specifically provide for indemnification against claims in strict liability, we have carefully reviewed the entirety of the document and have found no support for an intent to require Sauer to indemnify PPG for losses arising from ultrahazardous activities (the basis for strict liability alleged by the plaintiff).[4]
For both of the above reasons we find that the trial court committed no error in granting the motion for summary judgment on the issue of indemnification under Section 6 of the contract.

ISSUE NO. 3
PPG maintains that even if the indemnity provisions of the contract between itself and Sauer are inapplicable to the case at hand, summary judgment was nevertheless improper as to the appellees in that the above-mentioned contract required Sauer to obtain liability insurance and name PPG as an additional insured. Further, if Sauer failed to comply with those contractual requirements, PPG alleges that Sauer is liable for damages arising from a breach of that contract.
We agree that Sauer's contractual duty to procure liability insurance and name PPG as an additional insured created an obligation independent from the indemnity provisions of the contract. Ordonez v. W.T. Grant Company, 297 So.2d 780 (La. App. 4th Cir.1974). We further agree with the appellants that Sauer failed to comply with the insurance requirements of the contract when it obtained a liability policy that merely included coverage for any incidental contracts. Under Sauer's policy, coverage for obligations incidental to Sauer's business extended only to "incidental contracts"in this case indemnification from claims not at issue in this suit. Inasmuch as PPG is exposed to potential liability against which it will be neither defended nor insured, we find that Sauer has breached its contract with PPG and is liable for the damages arising therefrom. Therefore, summary judgment as to third party defendant Sauer was improper and must be reversed.
We find no error in the trial court's summary judgment in favor of third party defendant Continental Casualty Company. Since Sauer failed to name PPG as an additional insured under its public liability policy with Continental, the coverage extended only to the named insured; thus, the insurer has no obligation to defend or indemnify a non-insured. Ordonez v. W.T. Grant Company, supra.

ISSUE NO. 4
As a final basis for contending that the trial court erred in granting appellees' summary *379 judgment, the appellants contend that Sauer breached its contractual obligation to abide by certain safety regulations, and that such a breach causing damages to PPG was an insured interest in any contract of insurance between the appellees. This argument overlooks the basic fact addressed in ISSUE NO. 1, because whether Sauer was negligent in any way will not affect the liability of PPG which was sued for damages arising from its own acts of negligence or from strict liability. Hence, this assignment is without merit.
For the above and foregoing reasons, the judgment of the district court dismissing third party defendant Sauer Industrial Contracting, Inc., from the suit is reversed. The judgment in favor of Continental Insurance Company, dismissing it from the suit is affirmed.
All costs on appeal are to be borne equally by the defendant-third party plaintiffs (PPG Industries, Inc., Charles Galanie, and Hartford Accident & Indemnity Company) and third party defendant, Sauer Industrial Contracting, Inc.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] The plaintiff's exclusive remedy against Sauer was in worker's compensation.
[2] The appellants' specifications of error are as follows:

1. The trial court was clearly wrong in finding the third party defendants sustained the burden of proof which is required for a motion for summary judgment.
2. The trial court was clearly wrong in finding that the indemnity provisions of Section 6 of the contract between third party plaintiff and third party defendant were not applicable to the instant case.
3. The trial court erred in granting summary judgment as to the third party defendants' obligation to provide insurance coverage under Section 7.
4. The trial court was clearly wrong in granting summary judgment as to the obligation under Section 7 of the contract wherein Sauer Industrial Contracting, Inc. was to provide a waiver of subrogation.
5. The trial court was clearly wrong in granting summary judgment as to the obligations with regard to safety which were assumed by Sauer Industrial Contracting, Inc., pursuant to Section 9C of the contract.
6. The trial court was clearly wrong in granting summary judgment as to Sauer Industrial Contracting, Inc.'s obligation to provide indemnity to PPG Industries, Inc. pursuant to Section 9B of the contract.
[3] The agreement required indemnification for loss or damage

"arising out of or relating to the acts or omissions to act of Contractor or its subcontractors, suppliers, or agents, or the employees of any thereof, in the performance of the Work, or of the Agreement, or both, ..."
Further, the clause
"including without limitation such claims, loss or liability arising from the use use [sic] or operation by Contractor of construction equipment, tools, scaffolding, or facilities furnished to Contractor by Owner to perform the Work, ..."
is embraced within the above-articulated parameters of indemnification by virtue of the word "including".
[4] Citing Polozola v. Garlock, 343 So.2d 1000 (La. 1977), the Louisiana Supreme Court has recently established that if an indemnification agreement does not expressly include losses arising under strict liability as contended by one of the parties thereto, reference must be made to the entirety of the document to determine whether the parties intended the contractor to indemnify the owner against the latter's strict liability to a third person under La.C.C. Art 2317. Soverign Insurance Company v. The Texas Pipe Line Company, 488 So.2d 982 (La.1986). The Court added that if after reviewing the contract as a whole the intention of the parties is still in doubt, contract interpretation may be by reference to "everything that, by law, custom, usages, or equity, is considered as incidental to the particular contract or necessary to carry it into effect." Soverign Insurance Company v. The Texas Pipe Line Company, supra. However, in the case before us examination of the entirety of the contract leaves no doubt but that the parties never intended indemnification for strict liability.