532 So.2d 521 (1988)
Glenn ALLEN
v.
Cecil M. KEENEY, et al.
No. CA 87 1050.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Wood Brown, III, New Orleans, La., for Employers Mut. Liability Ins. Co. of Wisconsin, defendant-appellant.
Robert A. Redwine, New Orleans, La., for Equitable Shipyards, Inc., defendant-appellee.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
COVINGTON, Chief Judge.
This appeal by a third-party defendant from a judgment in the third-party plaintiff's favor raises the issues of insurance coverage of an insured's contractual liability under an indemnity agreement and the insurer's duty to defend. Because we find that there was coverage of the insured as well as a duty to defend under a policy of comprehensive general liability insurance issued by the defendant, we affirm the judgment of the trial court.
The case initially arose out of an accident on October 10, 1975, when third-party plaintiff Equitable Shipyards, Inc. (Equitable) was building an ocean-going tug for Nolty Theriot, Inc. (Theriot). An explosion *522 and flash-fire occurred within the hull of "No. 1660" which killed one Equitable employee immediately, fatally wounded a second employee, and injured several others, one of whom filed the instant suit. Equitable and Theriot were both named defendants; Theriot then filed a third-party demand against Equitable, claiming that Equitable owed it indemnity pursuant to the vessel construction contract between them. Equitable made demand upon its insurer, Employers Mutual Liability Insurance Company of Wisconsin (Employers), to assume its defense against Theriot's claim, which Employers refused to do. Equitable then filed its own third-party claim against Employers.
The third-party demands were severed from trial of the main demand, which resulted in a jury verdict in plaintiff's favor.[1] The trial court then decided the third-party claims, and rendered judgment in favor of Theriot[2] and Equitable. This appeal by Employers followed.
The initial question presented is whether Employers owed Equitable a duty to defend against Theriot's claim. Two policies of insurance issued by Equitable were in question: one was a comprehensive general liability policy, and the other an excess or "umbrella" policy. The primary policy provided under its "Coverages" Section as follows:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury or
Coverage B. property damage

to which this insurance applies, caused by an occurrence[3], and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
Directly below this provision were listed the policy's exclusions.
This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;
. . . .
Thus, the policy basically provided coverage for damages for bodily injury and property damage caused by an "occurrence," and the company obligated itself to defend any suit for such claims, even if the suit's allegations were "groundless, false or fraudulent." Excluded was coverage for contractual liability assumed by the insured; however, the policy contained a three-page blanket contractual liability endorsement which provided in pertinent part:
It is agreed that:
I. CONTRACTUAL LIABILITY.
Such insurance as is afforded by the Bodily Injury Liability and Property Damage Liability coverages also applies *523 to liability assumed by the named insured under an insured contract, subject to the limits of liability and other provisions of the policy, except as modified by this endorsement.
EXCLUSIONS.
All of the exclusions of the policy applicable to the Bodily Injury Liability and Property Damage Liability coverages apply to the insurance afforded by this endorsement, except exclusions (a), (b), (d), (e) and (j); ...
Thus, exclusion (a) under "Coverages" which disallowed for contractually assumed liability of the insured was specifically made inapplicable and the monetary coverage and duty to defend were by endorsement extended to contractually assumed liability of the insured.
Generally, in the terms of its liability policy, an insurer contractually agrees to provide its insured a legal defense for liability claims against the insured. Dugas Pest Control of Baton Rouge, Inc. v. The Mutual Fire, Marine and Inland Insurance Company, 504 So.2d 1051 (La.App. 1 Cir.1987). The insurer has a duty to defend its insured even though there may ultimately be no liability on the insured's part. The insurer is obligated to provide this defense unless the allegations of the petition unambiguously exclude coverage. Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987); American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Mason v. Stauffer Chemical Company, 461 So.2d 589 (La.App. 1 Cir.1984).
The third-party petition of Theriot against Equitable denied any liability to the plaintiff in the main demand, but demanded recovery from Equitable of any damages Theriot might be held to owe to plaintiff, as well as the cost of Theriot's defense and reasonable attorneys' fees. The third-party petition also stated that Equitable breached its contract with Theriot regarding insurance and indemnity provisions to Theriot's benefit.[4]
After carefully examining the policy and contract provisions in this matter, we find that the allegations of Theriot's petition did not unambiguously exclude coverage of Equitable under the terms of Employers' policy. Theriot claimed indemnity from Equitable for any damages awarded to plaintiff on account of plaintiff's injuries from the explosion. Theriot based its indemnity claim on the contractually assumed liability of Equitable in the vessel construction contract between them. There was no dispute that Employers' policy provided for a defense against the damage claim by plaintiff on Equitable's behalf. The contractual liability endorsement to the primary policy extended the same duty to defend to Theriot's claim against Equitable for indemnity and costs of defense that were related to plaintiff's demand. Equitable justifiably expected Employers to defend it from Theriot's claim under the terms of the policy which explicitly provided coverage for liability assumed by Equitable under a contract of the type in question.
Having reached this conclusion, we necessarily also reach the issue of penalties and attorneys' fees against Employers for its failure to defend its insured. The trial court cast Employers for penalties and attorneys' fees, in addition to costs and legal interest, holding that it should have provided the defense when claimed. We find no manifest error in this regard, and therefore affirm the judgment of the trial judge on this issue. Additionally, since Equitable also filed an answer to this appeal requesting an increase in attorneys' fees for prosecuting the appeal, we award the additional sum of $2,500.00 to third-party plaintiff-appellee Equitable for same.
The judgment of the trial court is thus amended, and as amended, affirmed. Costs of this appeal are assessed against *524 third-party defendant-appellant, Employers.
AMENDED AND AFFIRMED.
NOTES
[1] The prior report on the appeal of the judgment in plaintiff's favor is at 442 So.2d 1171 (La.App. 1 Cir.1983).
[2] Theriot was awarded the sum of $3,000.00 as the stipulated amount due for Theriot's defense against the plaintiff's case in chief, said sum being assessed against Equitable. Neither party appealed this portion of the judgment; therefore, it is now final.
[3] Occurrence is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The explosion and flash fire which precipitated all of the demands in this matter thus undeniably fit this definition. Attempts by appellant's counsel to convince this court that the "occurrence" was Theriot's claim for indemnity are unpersuasive.
[4] One of the issues at trial of this matter was Equitable's contractual agreement with Theriot to insure Theriot as well as to defend and indemnify it from claims such as the plaintiff's. Equitable has acknowledged its contractual duty to insure Theriot, but through an error Theriot was not added as a named insured to Employers' policy. Neither the source of this error nor the error itself was relevant to the inquiries here on appeal; therefore, we have not detailed the evidence or arguments on this point.