LOBRANO, Judge.
Defendant, First Mercury Syndicate, Inc. (“FMSI”), appeals the trial court judgment granting the motion for summary judgment filed by plaintiff, Barton Protective Services, Inc. (“Barton”) which held that Barton is entitled to collect from FMSI attorney’s fees and costs incurred by Barton in its defense of Folger Coffee Company (“Folger”) in a lawsuit filed by a Barton employee. We affirm.
Barton Protective Services is a security guard company which provided services to Folger Coffee Company in New Orleans. In 1986, a Barton security guard was allegedly raped while on duty at the Folger plant. This employee filed suit against Barton and Folger. Barton was dismissed because of the exclusivity of the worker’s compensation laws. However, Folger remained a defendant and Barton assumed Folger’s defense in accordance with its contract of indemnification.
Barton then contacted FMSI, its contractual liability insurer, and requested that FMSI assume Folger’s defense in accordance with its obligation under a policy purchased by Barton from FMSI. FMSI refused to assume Folger’s defense and Barton was forced to defend Folger at its expense. Although the case was ultimately settled, Barton incurred substantial *440 costs in defending Folger.[1]
Barton filed this suit against FMSI seeking a declaratory judgment ordering that FMSI reimburse Barton for the costs incurred in defending Folger. Barton also claimed penalties because of FMSI’s allegedly arbitrary and capricious refusal to defend Folger. FMSI answered claiming that attorney’s fees are not recoverable under the contractual liability policy it issued to Barton.
Barton and FMSI filed cross motions for summary judgment on the issue of whether or not Barton was entitled to be reimbursed by FMSI for attorney’s fees associated with its defense of Folger. The trial judge denied FMSI’s motion and granted Barton’s motion ruling that Barton was entitled to be reimbursed by FMSI. FMSI now appeals that judgment.
On appeal, FMSI argues that the trial court erred because the endorsement in the insurance policy relied upon by Barton clearly states that FMSI is only obligated to pay on behalf of its insured “damages because of bodily injury, or property damage” and that this term does not encompass attorney’s fees incurred by the insured in defending its contractual indemni-tee.
FMSI agrees that Barton had a duty to defend and indemnify Folger due to the Barton/Folger indemnity contract. Both parties also agree that the endorsement to the contractual liability insurance policy issued by FMSI and which is pertinent to this case states as follows:
“The company will pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, except the liability of the indemni-tee resulting from his sole negligence and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient ...”
In finding that the above endorsement allows Barton to recover attorney’s fees from FMSI the trial judge adopted as reasons Barton’s supporting memorandum. In that memorandum, Barton relies on the case of Kelloch v. S & H Subwater Salvage, Inc., 397 F.Supp. 742 (E.D.La.1973). In Kelloch, a provision in an insurance policy which also contained the phrase “damages because of bodily injury” was interpreted to allow for the recovery of attorney’s fees from the indemnitor’s insurer in the defense of its indemnitee. The Kelloch court stated:
“As a general rule, an indemnitee is entitled to recover as part of the damages, reasonable attorney’s fees, and reasonable and proper legal costs and expenses which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified.” Id. at 745.
The Kelloch court reasoned that damages that the insured is liable for by reason of an indemnity claim are greater than the damages that the indemnitee has had to pay the injured person. Kelloch v. S & H Subwater Salvage, Inc., supra, at p. 745.
The narrow issue for our review is whether the contractual liability endorsement contained in FMSI’s policy includes the payment of attorney fees incurred by Barton in its defense of Folger, the indem-nitee. FMSI readily admits that it was obligated to indemnify Barton for the actual damages awarded because of plaintiff’s bodily injury. In fact, FMSI funded the settlement on Folger’s behalf. FMSI also agrees that had Barton remained in the lawsuit as a defendant it would have also assumed Barton’s defense. However, *441 FMSI steadfastly argues that it is not responsible for defending Barton’s indemni-tee under its contractual liability endorsement.
FMSI predicates its position on the wording of the contractual liability endorsement, specifically the language which states its obligation to pay its insured “all sums which the insured ... shall become legally obligated to pay as damages because of bodily injury.” FMSI simply contends that “damages because of bodily injury” do not include attorney fees. In support, it contends Kelloch is not controlling and cites several cases claiming they support its interpretation of the contract. FMSI concludes by asserting that its duty to defend only extends to its insured. We disagree.
FMSI’s interpretation of the endorsement is, in reality, an exclusionary interpretation. That is, it asserts because the word “damages” is limited by the phrase “because of bodily injury” in the definition portion of the policy, attorney fees are excluded. However, the endorsement at issue does not specifically exclude attorney fees from damages. It is well settled that if more than one interpretation of an exclusion is reasonable, the one affording coverage to the insured will be adopted. Shields v. Pennsylvania General Insurance Company, 488 So.2d 1252 (La.App. 4th Cir.1986), and the cases cited therein. It is equally settled that any ambiguity in a policy is construed in favor of the insured. Id. Any doubt about the existence or extent of coverage will be understood in its most inclusive sense. Great Atlantic Insurance Co. v. Martin Services International, Inc., 445 So.2d 146 (La.App. 3rd Cir.1984). Courts are bound to interpret and give effect to insurance policies according to the true intent of the parties determined from the words of the contract when they are clear and explicit and lead to no absurd consequences. Shields v. Pennsylvania, supra.
Keeping the above cited principles of law in mind, we hold that the endorsement can be reasonably interpreted to provide coverage for attorney fees. Although we agree that the Kelloch decision, a twenty year old Federal District court case, is not binding on this court, we are persuaded by its logical reasoning. Specifically, its reliance on the general rule that an indemnity agreement, such as the one between Folger and Barton, normally contemplates that the indemnitee (Folger) is entitled to recover from the indemnitor (Barton) attorney fees as part of the damages. “In other words the damages the insured is liable for by reason of an indemnity claim are greater than the damages that the indemnitee had to pay the injured person.” Kelloch at 745.
There is no doubt that Barton’s intent when purchasing the policy was coverage for all the contractual liabilities it assumed. The first phrase of the endorsement states that FMSI will pay “all sums which the insured, by reason of contractual liability assumed by him ... shall become legally obligated to pay as damages because of bodily injury ... ”. It is reasonable to assume that had Barton failed to defend Folger, it would have been third-partied by Folger pursuant to the indemnity agreement and would have been responsible for any judgment against Folger, as well as Folger’s defense costs. The conclusion reasonably follows that all sums legally obligated by Barton under that scenario are the result of the bodily injury claim and constitute the “damages because of bodily injury.” And, under that same scenario, because Barton, the insured, had been sued by Folger because of the bodily injury claim filed against it, the endorsement clause stating that “the company shall have the duty to defend any suit against the insured” would require coverage of defense costs. In our opinion, Barton’s voluntary assumption of Folger's defense, without the necessity of being sued by Folger, should not preclude coverage of the defense costs they (Barton) had to assume.
FMSI’s endorsement purports to cover the sums legally owed by its insured because of the contractual liability it assumed. The endorsement does not specifically exclude attorney fees from the sums insured. Because, as a general rule it is *442 recognized that a contractual indemnity agreement includes defense costs, we conclude that the damages insured by FMSI should include Barton’s attorney fees. They are part of the total sums the insured must pay to its indemnitee (Folger) as damages because of plaintiffs bodily injury.
FMSI cites the case of Allen v. Keeney, 532 So.2d 521 (La.App. 1st Cir.1988), as support for its contention that defense costs incurred by an indemnitee can only be recovered against the indemnitor and not the indemnitor’s insurer. However, our reading of the Allen case leads us to the opposite result. In that case the indemni-tee third partied its indemnitor who, in turn, third partied its contractual liability insurer. The court held that the indemnitor “justifiably expected [its insurer] to defend it from [the indemnitee’s] claim under the terms of the policy which expressly provided coverage for liability assumed by [the indemnitor] under a contract....” at 523. The court did not exclude defense costs from coverage.
The case of L & L Sandblasting v. American Southern Insurance Company, 407 So.2d 482 (La.App. 1st Cir.1981); writ denied, 409 So.2d 669 (La.1982), cited by FMSI, is distinguishable from the instant case. In that case, the insurer refused to defend its insured’s indemnitee because the indemnity agreement between the insured and its indemnitee was void under the Longshoremen and Harbor Workers Compensation Act. This is in contrast to the instant case where there is no prohibition against the indemnity agreement between Barton and Folger and there has been no allegation that that agreement is invalid.
FMSI also cites Ordonez v. W.T. Grant Company, 297 So.2d 780 (La.App. 4th Cir.1974), which involved a contractual liability policy under which the insured’s indemnitee sought to recover attorney’s fees incurred by the indemnitee from the insured’s contractual liability insurer. That policy contained a provision with language similar to the endorsement in question in the instant case. The court in Ordonez interpreted this provision as meaning that coverage is limited to the named insured and not to the named insured’s indemnitee and that the insurer’s exposure is limited to damages for which the named insured becomes liable as a result of a contractual agreement to indemnify or hold harmless.
The Ordonez case is also distinguishable from the instant case. In Ordonez, the insured’s indemnitee sued the insured’s contractual liability carrier claiming that it should be accorded the same benefits as the named insured under the contractual liability policy. The court held that because the indemnitee was not a named insured under the policy, the contractual liability insurer was not liable for defense costs incurred by the named insured’s in-demnitee with which it had no contractual relationship. Furthermore, the insured (in-demnitor) did not third party his insurer to recover the defense costs it was bound to pay its indemnitee. Unlike the instant case, the insured did not sue his insurer. The only claim made against the insurer in Ordonez was made by the indemnitee, who was not a named insured. The court correctly concluded that the insurer, having no insuring agreement with the indemnitee, could not be responsible to the indemnitee.
In the instant case Barton (the insured) is suing its own insurer seeking to recover all the sums it was required to pay because of its contractual indemnity with Folger. This is exactly what FMSI agreed to insure when it issued its contractual liability endorsement. It would be unreasonable to interpret the endorsement to exclude the defense costs assumed by Barton in its contractual agreement with Folger. Those costs are part of the “damages because of bodily injury” that Barton incurred.
Accordingly, the trial court judgment is affirmed and the matter is remanded for further proceedings.
AFFIRMED AND REMANDED.

. FMSI funded the settlement on Folger’s behalf but steadfastly refused to pay Barton’s attorney fees.